Argued and submitted May 27, affirmed July 15, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## TAMMIE SUE BRANAM,
*Appellant.*

(851981; CA A41091)

739 P2d 606

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals her convictions for three counts of criminal mistreatment in the first degree. We affirm.

Defendant is the mother of three young boys, aged two to five at the time of the events relevant to this prosecution. On December 18, 1985, a Children's Services Division protective service worker received a call concerning bruises on the three boys. She visited the boys, confirmed the bruises and called the police, who took the children into protective custody. They were examined by a physician, who thought that the bruises had been inflicted over a period ranging from two days to several weeks before the examination. The children reported that defendant's boyfriend, Anderson, had spanked them and that defendant had also spanked them with a wooden spoon. Defendant had seen Anderson spank the boys. Although she originally told the police that there were no bruises on the children, she later said that she had noticed bruising when she bathed them on the morning of December 18. She said that she had bathed the children every day but had not noticed the bruises before.

Defendant contends that the trial court erred in instructing the jury that she could be criminally liable for criminal mistreatment committed by Anderson

> "if, with the intent to promote or facilitate the commission of the crime, [the] person aids and abets someone in committing the crime or, having the legal duty to prevent someone from committing the crime, fails to make an effort to prevent the crime. Under these circumstances, it is not necessary for that person to actually be personally present at the time and place of the commission of the crime."

A person commits the crime of criminal mistreatment in the first degree if:

> "The person, having assumed the permanent or temporary care, custody or responsibility for the supervision of a dependent person, intentionally or knowingly causes physical injury or injuries to the dependent person." ORS 163.205(1)(b).

Under ORS 161.150, "[a] person is guilty of a crime if it is committed * * * by the conduct of another for which the person is criminally liable * * *." A person is criminally liable for the criminal conduct of another person if, "[w]ith the intent to

promote or facilitate the commission of the crime the person * * * [h]aving a legal duty to prevent the commission of the crime, fails to make an effort the person is required to make." ORS 161.155(2)(c).

Defendant argues that the jury instruction results in a circumvention of the criminal mistreatment statute, which requires intentional or knowing conduct, and allows for a conviction for failing to act alone. We disagree. The instruction accurately reflects the law on criminal responsibility for the actions of another. The court also instructed the jury on the elements of criminal mistreatment. Defendant does not argue that she had no duty to prevent the mistreatment of her children by Anderson, but she argues that "the jury is misled into believing that defendant can be convicted of criminal mistreatment in the first degree for her failure to act."

Defendant is correct that a mere failure to act, without more, is not sufficient to support a conviction for criminal mistreatment in the first degree. However, as both the statute and the jury instruction indicate, a defendant may be criminally liable when the failure to act is accompanied by an intent to promote or facilitate the commission of the crime. The jury instructions were not erroneous.

Defendant also challenges the sufficiency of the evidence to support her convictions. We conclude that there was enough evidence from which a rational jury could find the essential elements of the crime beyond a reasonable doubt. *State v. Harris,* 288 Or 703, 609 P2d 798 (1980).

Affirmed.